Withers, J.
delivered the opinion of the Court.
This case arise out of an application for the benefit of the prison-bounds Act, before a commissioner of special bail. The application was resisted before a jury, summoned by virtue of the Act of 1833, on- the several grounds recited in the report of the commissioner, which need not be repeated here in terms. The imputations relate to the omission in defendant’s schedule — 1. Of the proceeds of a tract of land, which it i's alleged he had “fraudulently conveyed and sold within less than three months before his arrest” — 2. Of a crop, the last that he had made ; and 3. Of a wagon and horses.
As to the first, it would appear, from the testimony, that a tract of land was sold, and the conveyance executed by defendant and wife, the purchaser requiring the wife to join, because, as he says, it was understood in the neighborhood that she was a free dealer. If she be, how she can acquire and hold land in that character, is incomprehensible to ns, unless it might be so much of realty as should be indispensable in.shop keeping, in which business she does not seem to have been engaged. But it is doubtful whether the plaintiff could have succeeded against the defendant, on the ground relating- to the sale of the land, for he does not charge an undue preference, though one might conjecture that such was the idea aimed at, from the use of the words, “ within less than three months from the time of his arrest.” Undue preference, however, is not charged, but the fraudulent selling and conveying his land, within the time mentioned, to defraud his creditors, which was effected, as alleged, by withholding"' from his *457 schedule the purchase money received. Now, if a debtor aimed to defraud his creditors, by selling his property, and converting it into money which he concealed, this would be a fraud without respect to time, as it relates to the period of his arrest; but it would be undue preference only, if, within three months before his confinement, he had fraudulently paid it away to one creditor, over another, according to some more recent decisions, which is not to be predicated, necessarily, of a mere preference given to one creditor over another. Now, the note received for the land, it would seem, was applied by the defendant in exoneration of some securities ; and the charge being that he had fraudulently sold his land, and withheld the proceeds, it does not appear that the first charge is sustained.
But he has given no sufficient account of the disposition of the last crop he made, and of the wagon and horses ; and therefore, the verdict of the jury cannot be sustained. There is nothing, deserving the character of testimony, to show that these effects belonged to the wife.— Of the negroes, mentioned by the witnesses, nothing is said in the suggestion. If any amendment be contemplated by the plaintiff, the commissioner of special bail is supposed competent to hear and dispose of such a motion. We mean to conclude nothing upon the merits of the case ; and a new trial is ordered without prejudice.
Richardson, J. O’Neall, J. Evans, J. and Frost, J. concurred.

Motion granted.